**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MITCHELL D. VANCE and<br>BETH M. VANCE,<br><br>              Plaintiffs,<br><br>vs.<br><br>GENTEX CORPORATION,<br>a foreign corporation,<br>COMPUTER SCIENCES<br>CORPORATION, a foreign corporation,<br>DYNCORP, INC., a foreign corporation,<br>and CSC APPLIED TECHNOLOGIES,<br>L.L.C., a foreign limited liability company,<br>f/k/a DYNCORP TECHNICAL<br>SERVICES, L.L.C.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-05-1332-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This case is scheduled for trial on the Court's August, 2007 trial docket.

Before the Court is plaintiffs' Motion for Partial Summary Judgment Against Defendant, CSC Applied Technologies, L.L.C., filed May 15, 2007. On June 4, 2007, defendant CSC Applied Technologies, L.L.C. ("CSC") filed its response, and on June 18, 2007, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

Plaintiff Mitchell D. Vance ("Vance") was an undergraduate pilot training student at Vance Air Force Base.[1] CSC operates "Life Support," a department within the Air Force, which issues and maintains the oxygen masks that are utilized by the student pilots at Vance Air Force Base. On

---

[1] Plaintiff Beth Vance is Vance's wife.

January 14, 2004, Vance used an oxygen mask during an altitude chamber ride.[2]  Sometime thereafter, Vance became ill and was taken to the hospital.  Ultimately, Vance suffered partial and permanent injuries and damages, including brain damage.

After the incident in the chamber ride, Robert Winn, one of CSC's employees, took Vance's helmet and oxygen mask to inspect them.[3]  In his deposition, Mr. Winn testified that there was nothing wrong with, or maintenance needed on, the equipment but that he did replace the exhalation valve, consisting of the oxygen valve, the sealing washer, the isolation washer, the bearing washer, and the valve nut.  After replacing these parts, Mr. Winn threw the old parts into the garbage can.  Mr. Winn and CSC do not know what happened to Vance's helmet and mask; they presumably are currently being used with the new parts.  Mr. Winn's written inspection report concerning Vance's oxygen mask and replacement of the parts was also destroyed by CSC.

On November 15, 2005, plaintiffs filed the instant action alleging, in part, that CSC negligently maintained and distributed Vance's oxygen mask.  Based upon CSC's alleged failure to preserve, and the destruction of, the oxygen mask, including all of its parts, plaintiffs now move for partial summary judgment on the issue of liability.

## II.   SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational

---

[2] The oxygen mask was allegedly manufactured and sold by previously dismissed defendant Gentex Corporation.

[3] CSC admits that Mr. Winn is the only person to have physical custody or control of Vance's helmet, oxygen mask, and components after the incident on January 14, 2004.

trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   DISCUSSION

Plaintiffs move the Court for partial summary judgment against CSC based upon CSC's alleged failure to preserve vital evidence and alleged destruction of the oxygen mask at issue, including all of its parts, and the written report concerning its investigation and examination of the mask. CSC contends that it did not improperly destroy the oxygen mask and written report in that it had no notice of any imminent litigation at the time of the destruction. Further, CSC contends that any destruction was not in bad faith and that plaintiffs can show no prejudice from said destruction.

"Spoliation occurs when evidence relevant to prospective civil litigation is destroyed, adversely affecting the ability of a litigant to prove his or her claim." *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185, 1202 (Okla. 1999). Further, "[a] litigant has a duty to preserve evidence that he knows or should know is relevant to imminent or ongoing litigation." *Jordan F. Miller Corp. v.*

*Mid-Continent Aircraft Serv., Inc.*, 139 F.3d 912, 1998 WL 68879, at *5 (10th Cir. Feb. 20, 1998).[4]

"[T]he general rule is that bad faith destruction of [evidence] relevant to proof of an issue at trial gives rise to an inference that production of the [evidence] would have been unfavorable to the party responsible for its destruction." *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997). Finally, "[w]hen deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 139 F.3d 912, 1998 WL 68879, at *4 (10th Cir. Feb. 20, 1998).

Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to CSC, as the Court must at the summary judgment stage, the Court finds that CSC has presented sufficient evidence to create a genuine issue of fact as to whether it knew or should have known that litigation regarding Vance's incident in the altitude chamber ride was imminent. The Court also finds that CSC has presented sufficient evidence to create a genuine issue of material fact as to whether its destruction of the oxygen mask was in bad faith. Accordingly, the Court finds that plaintiffs are not entitled to partial summary judgment based upon CSC's alleged destruction of the oxygen mask at issue and the written report concerning its investigation and examination of the mask.[5]

---

[4]This unpublished opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 32.1.

[5]Plaintiffs alternatively move this Court to give the jury an adverse inference instruction based upon CSC's destruction of the oxygen mask. Because there are disputed issues of fact, the Court finds that any ruling regarding an adverse inference jury instruction is premature at this time; the Court will address this matter prior to instructing the jury.

IV.     CONCLUSION

For the reasons set forth above, the Court DENIES plaintiffs' Motion for Partial Summary Judgment Against Defendant, CSC Applied Technologies, L.L.C. [docket no. 52].

**IT IS SO ORDERED this 11th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE