**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MITCHELL D. VANCE and<br>BETH M. VANCE,<br><br>        Plaintiffs,<br><br>vs.<br><br>GENTEX CORPORATION,<br>a foreign corporation,<br>COMPUTER SCIENCES<br>CORPORATION, a foreign corporation,<br>DYNCORP, INC., a foreign corporation,<br>and CSC APPLIED TECHNOLOGIES,<br>L.L.C., a foreign limited liability company,<br>f/k/a DYNCORP TECHNICAL<br>SERVICES, L.L.C.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-05-1332-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This case is scheduled for trial on the Court's August, 2007 trial docket.

Before the Court is defendant CSC Applied Technologies, L.L.C.'s ("CSC") Motion for Summary Judgment, filed June 1, 2007. On June 18, 2007, plaintiffs filed their response, and on June 29, 2007, CSC filed its reply. Also before the Court is plaintiffs' Motion to Strike Exhibits from CSC's Motion for Summary Judgment, filed June 18, 2007. On July 6, 2007, CSC filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

Plaintiff Mitchell D. Vance ("Vance") was an undergraduate pilot training student at Vance Air Force Base.[1] CSC operates "Life Support," a department within the Air Force, which issues and maintains the oxygen masks that are utilized by the student pilots at Vance Air Force Base. On

---

[1] Plaintiff Beth Vance is Vance's wife.

January 14, 2004, Vance used an oxygen mask, which had been issued to him by Life Support one or two days prior, during an altitude chamber ride.[2] Sometime thereafter, Vance became ill and was taken to the hospital. Ultimately, Vance suffered partial and permanent injuries and damages, including brain damage. On November 15, 2005, plaintiffs filed the instant action alleging, in part, that CSC negligently maintained and distributed Vance's oxygen mask.

II.   DISCUSSION

A.   Motion To Strike

Plaintiffs move the Court to strike exhibits 1, 4, and 5 which are attached to CSC's motion for summary judgment. As set forth below, the Court finds that plaintiffs have failed to establish the causal connection element for a prima facie case of negligence and that CSC is entitled to summary judgment. In reaching this conclusion, the Court did not consider exhibits 1, 4, or 5 attached to CSC's motion for summary judgment. The Court, therefore, finds that plaintiffs' motion to strike should be denied as moot.

B.   Motion for Summary Judgment

1.   Summary judgment standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

---

[2] The oxygen mask was allegedly manufactured and sold by previously dismissed defendant Gentex Corporation.

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

### 2. Merits

To establish a prima facie case of negligence, a plaintiff must show: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to properly exercise or perform that duty; and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care. *McKellips v. Saint Francis Hosp., Inc.*, 741 P.2d 467, 470 (Okla. 1987). In its motion for summary judgment, CSC only addresses whether plaintiffs can establish causation, the third element of their prima facie case. Thus, for purposes of ruling on CSC's motion, the Court will assume that plaintiffs can establish that CSC owed a duty to protect them from injury and that CSC breached that duty.

> Negligence is not actionable unless it proximately causes the harm for which liability is sought to be imposed. Failure to establish that defendant's negligence was the proximate cause of the harmful event is fatal to the plaintiff's claim. . . . As a general rule, the question of proximate cause in a negligent tort case is one of fact for the jury. It becomes one of law when there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries. The sufficiency of the evidence to show causal

>connection between the acts of the defendant and the injury complained of presents a question of law for the court.

*Thompson v. Presbyterian Hosp., Inc.*, 652 P.2d 260, 263 (Okla. 1982) (internal citations omitted). Further, a defendant's conduct is a cause of an injury if the injury would not have occurred but for that conduct. *McKellips*, 741 P.2d at 470.

Plaintiffs allege that CSC negligently issued the oxygen mask to Vance and negligently maintained that mask. Having carefully and thoroughly reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to plaintiffs, as the Court must at the summary judgment stage, the Court finds that plaintiffs have presented no evidence from which a jury could reasonably find a causal nexus between CSC's alleged negligent issuance and maintenance of the oxygen mask and the injuries suffered by plaintiffs. While plaintiffs have presented evidence that CSC did not follow the proper procedures when it issued the oxygen mask to Vance and evidence that the mask had a faulty valve that with proper maintenance would have been replaced, plaintiffs have simply not presented any evidence that plaintiffs' injuries would not have occurred but for CSC's alleged negligent conduct. There is absolutely no evidence in the record as to what actually, or even likely, caused Vance's injuries, and more specifically, absolutely no evidence that a faulty valve in the oxygen mask would even, in fact, cause the injuries which Vance suffered. Plaintiffs' conclusory conjecture that the oxygen mask caused Vance's injuries is insufficient to show there is a genuine issue of material fact or that CSC is not entitled to summary judgment as a matter of law.

Further, in relation to plaintiffs' claim that CSC negligently issued the oxygen mask to Vance, plaintiffs allege that CSC should have made sure the oxygen mask fit Vance prior to its issuance, and specifically that a "fit test" should have been performed to make sure there was a good

seal and no leaks. Prior to the altitude chamber ride, however, at least one "fit test" was performed by the technicians and Vance to make sure there was a good seal and no leaks. Because the test which plaintiffs allege should have been performed prior to the oxygen mask's issuance was in fact performed prior to the altitude chamber ride, the Court finds there can be no causal connection between the lack of the "fit test" when the mask was issued and plaintiffs' ultimate injuries.

Accordingly, because plaintiffs have failed to establish the causal connection element for a prima facie case of negligence, the Court finds CSC is entitled to summary judgment.

III.   CONCLUSION

For the reasons set forth above, the Court GRANTS CSC's Motion for Summary Judgment [docket no. 56] and DENIES plaintiffs' Motion to Strike Exhibits from CSC's Motion for Summary Judgment [docket no. 64] as MOOT.

**IT IS SO ORDERED this 30th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE